785 S.E.2d 373

## Re LIMITED CERTIFICATE OF ADMISSION FOR MILITARY SPOUSE ATTORNEYS.

**Appellate Case No. 2015–001545.**

Supreme Court of South Carolina.

April 20, 2016.

## ORDER

The South Carolina Military Spouse JD Network has petitioned the Court to adopt a rule permitting Military Spouse Attorneys to be issued a limited certificate of admission in South Carolina. In recognition of the hardships faced by Military Spouse Attorneys, who must frequently relocate when their service member spouses are ordered transferred to new locations, and after review of similar rules in numerous other jurisdictions, we grant the request.

In accordance with Article V, § 4 of the South Carolina Constitution, we adopt Rule 430, SCACR, as set forth in the attachment to this Order. Furthermore, we amend Rules 403 and 410, SCACR, to reflect the adoption of Rule 430. These amendments are effective May 16, 2016.

s/Costa M. Pleicones, C.J.

s/Donald W. Beatty, J.

s/John W. Kittredge, J.

s/Kaye G. Hearn, J.

s/John Cannon Few, J.

Rule 430, SCACR, is adopted and provides as follows:

## RULE 430

## LIMITED CERTIFICATE OF ADMISSION FOR MILITARY SPOUSE ATTORNEYS

(a) **Purpose.** The purpose of this rule is allow military spouse attorneys to obtain a limited certificate to practice law

to represent clients before a court or administrative tribunal in South Carolina.

**(b) Qualifications for Admission.** The Supreme Court may issue a limited certificate of admission to practice in South Carolina to any person who:

(1) is at least twenty-one (21) years of age;

(2) is a person of good moral character;

(3) has received a JD or LLB degree from a law school which was approved by the Council of Legal Education of the American Bar Association at the time the degree was conferred;

(4) has been admitted to practice law in the highest court of another state, the District of Columbia, or a territory of the United States;

(5) is a member in good standing in each jurisdiction where the attorney is admitted to practice law;

(6) has not been disbarred or suspended from the practice of law and is not the subject of any pending disciplinary proceeding in any other jurisdiction;

(7) is the dependent spouse of an active duty service member of the United States Uniformed Services as defined by the Department of Defense (or, for the Coast Guard when it is not operating as a service in the Navy, by the Department of Homeland Security) and the service member is on Permanent Change of Station (PCS) orders stationed in South Carolina;

(8) has never failed the South Carolina Bar Examination;

(9) is physically residing in South Carolina;

(10) has completed or has registered for and will attend within three months of admission the Bridge the Gap program administered by the South Carolina Bar. This course may be completed either live or online. The South Carolina Bar shall make this course available to military spouse attorneys seeking admission under the rule either without a fee or for a minimal fee; and

(11) has completed or has registered for and will attend within the first year of practice an Essential Series Course administered by the South Carolina Bar.

**(c) Application.** An attorney desiring a limited certificate of admission to practice law under this rule shall file an application with the Clerk of the Supreme Court. This application shall be on a form approved by the Supreme Court. The application shall be accompanied by:

(1) a certificate of good standing from each jurisdiction in which the attorney has been admitted to practice law;

(2) a copy of his or her United States Uniformed Services Identification and Privilege Card evidencing marriage to the active duty service member; and

(3) a copy of the active duty service member spouse's orders.

No filing fee shall be required for the application.

**(d) Reference to the Committee on Character and Fitness.** Any questions concerning the fitness or qualifications of the attorney may be referred by the Supreme Court to the Committee on Character and Fitness for a hearing and recommendation.

**(e) Confidentiality.** The confidentiality provisions of Rule 402(n), SCACR, shall apply to all files and records of the Committee on Character and Fitness, and the Clerk of the Supreme Court relating to a limited certificate to practice law under this rule.

**(f) Scope of Representation and Adherence to Rules.** An attorney issued a limited certificate under this rule and meeting the requirements of Rule 403, SCACR, may represent clients before a court or administrative tribunal of this State in any proceeding. In providing representation, the attorney shall comply with the rules of practice and procedure applicable to the court or tribunal, and shall adhere to the South Carolina Rules of Professional Conduct and any other ethical rules applicable to this matter. The attorney shall also comply with the continuing legal education requirements of Rule 408, SCACR, and the mandatory mentorship requirements of Rule 425, SCACR. Attorneys issued a limited certificate shall pay a licensing fee as provided in Rule 410(j)(8), SCACR. The failure to do so may result in administrative suspension under Rule 419, SCACR.

**(g) Unauthorized Practice.** If an attorney granted a limited certificate engages in the practice of law in excess of that permitted by this rule, the attorney may be subject to discipline under Rule 413, SCACR, a revocation of the limited certificate by the Supreme Court, or being held in contempt of the Supreme Court for engaging in the unauthorized practice of law.

**(h) Misconduct and Incapacity.** Except as otherwise provided in this rule, the procedures provided by Rule 413, SCACR, shall be used for resolving allegations that the attorney has committee ethical misconduct or suffers from a physical or mental condition which adversely affects the attorney's ability to practice law. If, however, the Supreme Court imposes a definite suspension or disbarment, or transfers the attorney to incapacity inactive status, the limited certificate shall be terminated as provided in (i) below. Unless otherwise ordered by the Court, the lawyer may not seek to be readmitted under this rule or any other rule until the period of suspension has expired, or, in the case of disbarment, until five years after the date of the opinion or order imposing the disbarment.

**(i) Termination of Certificate.** A limited certificate issued under this rule is valid for a maximum of five years from the date of issuance. The limited certificate of admission to practice law shall terminate if:

**(1)** The limited certificate is revoked by the Supreme Court under (h) above.

**(2)** The attorney is suspended or disbarred in this or any other jurisdiction. This does not include interim suspensions under Rule 17 of the Rules for Lawyer Disciplinary Enforcement contained in Rule 413, SCACR, or a similar rule in another jurisdiction. For an administrative suspension under Rule 419, SCACR, the attorney may seek reinstatement as provided in that rule.

**(3)** The attorney is admitted to practice in South Carolina under another rule.

**(4)** The attorney fails the South Carolina Bar Examination.

**(5)** The attorney is denied admission to practice in South Carolina under another rule.

(6) The attorney's spouse is no longer on active duty or is no longer assigned to a military installation located in South Carolina. Attorneys have six months from the date of the issuance of a spouse's permanent change of station (PCS) orders, retirement orders or other separation from the active military service to surrender the Certificate.

(j) **Resignation.** Any request by an attorney licensed under this rule shall be processed as provided by Rule 409, SCACR.

(k) **Surrender of Certificate.** Except as provided in paragraph (i)(6), upon the termination of the limited certificate or acceptance of a resignation, the attorney granted the limited certificate shall surrender the certificate to the Clerk of the Supreme Court. The failure to surrender the certificate upon termination or the acceptance of a resignation may subject the attorney to discipline under Rule 413, SCACR, or to being held in contempt of the Supreme Court.

Adopted by Order dated April 20, 2016, effective May 16, 2016.

*Rule 403(a), SCACR, is amended to provide as follows:*

## RULE 403

### TRIAL EXPERIENCES

(a) **General Rule.** Although admitted to practice law in this State, an attorney shall not appear as counsel in any hearing, trial, or deposition in a case pending before a court of this State until the attorney's trial experiences required by this rule have been approved by the Supreme Court. An attorney whose trial experiences have not been approved may appear as counsel if the attorney is accompanied by an attorney whose trial experiences have been approved under this rule or who is exempt from this rule, and the other attorney is present throughout the hearing, trial, or deposition. Attorneys admitted to practice law in this State on or before March 1, 1979, are exempt from the requirements of this rule. Except for Military Spouse Attorneys licensed under Rule 430, SCACR, attorneys holding a limited certificate to practice law in this State need not comply with the requirements of this rule.

*Rule 410(h)(2), SCACR, is amended to add paragraph (h)(2)(E), which provides as follows:*

**(E) Military Spouse Attorney Member—Rule 430 (Limited Certificate of Admission for Military Spouse Attorneys).** Any person who holds a limited certificate under Rule 430, SCACR.

*Rule 410(k)(8), SCACR, is amended to provide as follows:*

**(8) Limited Member.** No fee shall be required for a person holding a limited certificate under Rule 415 (Limited Certificate of Admission for Retired and Inactive Attorney Pro Bono Participation Program), SCACR, or Rule 427 (Limited Certificate of Admission for Judge Advocates), SCACR. The additional license fee for a person holding a limited certificate under Rules 405 (Limited Certificate of Admission for In-House Counsel), 414 (Limited Certificate of Admission for Clinical Law Program Teachers), and 430 (Limited Certificate of Admission for Military Spouse Attorneys), SCACR, shall be $20.